# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

-------------------------

BOARD OF THE COUNTY OF
COMMISSIONERS OF THE COUNTY OF
BERNALILLO

      Plaintiff,

      vs.                                    1:23-cv-01103-KWR-KK

CENTURION DETENTION HEALTH
SERVICES, LLC, *ET AL*.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendants' Motion to Dismiss, filed January 17, 2024.  Doc. 17.  Having reviewed the parties' pleadings and the applicable law, the Court finds that Defendants' motion is well taken and therefore, is **GRANTED IN PART**.

## BACKGROUND

Plaintiff's claims arise from a Professional Services Agreement for Medical, Dental, Mental Health and Psychiatric Services ("PSA") entered between Bernalillo County and Centurion Detention Health Services, LLC ("Centurion"), effective October 9, 2018.  Doc. 1, Comp. at ¶ 6.  Under the PSA, Centurion agreed to provide these services for all inmates in the custody of the Metropolitan Detention Center ("MDC").  *Id*. at ¶ 7.  As part of the agreement, Centurion agreed to an indemnity provision, which states:

> The Contractor agrees to defend, indemnify and hold harmless the County and its officials, agents and employees from and against any and all claims, actions, suits or proceedings of any kind brought against said parties because of any injury or damage received or sustained by any person, persons or property arising out of or resulting from the Services performed by the Contractor under this Agreement or by reason of any asserted act or omission, neglect or misconduct of the Contractor

or Contractor's agents or employees or any Subcontractor or its agents or employees.  The indemnity required hereunder shall not be limited by reason of the specification of any particular insurance coverage in this Agreement."

Doc. 17, Ex. A at 9.

The PSA exclusions provision states, "the Contractor shall not in any event be required to indemnify, defend, or hold harmless, the County with respect to any injury or damage arising out of or resulting from, in whole or in part, any act, conduct, misconduct or omission of the County, its agents, employees or officers." *Id*. at 10.

Per the Agreement, Centurion was required to procure and maintain specific types of insurance coverage, which Defendants state was satisfied through Columbia's issuance of insurance policy # HAZ 4032367135-0 to MHM Services, LLC.  Doc. 17 at 4 citing Ex. A at 8-9. According to Defendants, this policy defines an "Insured" as:

> any person or organization to whom or to which the Insured Entity is obligated by virtue of a written contract or agreement:
>
> > a.   to add to this policy as an additional insured for its liability; or
> >
> > b. to hold harmless or indemnify such person or organization,
>
> but such person or organization is an insured exclusively for the vicarious liability imposed upon such person or organization because of acts, errors or omissions in the rendering of covered professional services by the Insured Entity, and only to the extent of the limits of insurance required by such contract or agreement, not to exceed the limits of insurance of this policy. However, this provision does not apply:
>
> i. unless the written contract or agreement has been executed prior to the act, error or omission in the rendering of professional services upon which the claim is based. The contract or agreement will be considered executed when the Insured's performance begins, or when it is signed, whichever happens first; or
>
> ii. to any person or organization for its liability arising out if its own acts, errors or omissions.

Doc. 17, Ex. B at 2.

Regarding General Liability Coverage, the Agreement defines an "Insured" to include:

> any person or organization to whom or to which the Insured Entity is obligated by virtue of a written contract, agreement or permit:
>
>> a.   to add to this policy as an additional insured for its liability; or
>>
>> b. to hold harmless or indemnify such person or organization,
>
> but such person or organization is an insured exclusively for bodily injury or property damage arising out of an occurrence, or personal and advertising injury arising out of an offense, for which such person or organization is vicariously liable because of acts or omissions committed by the Insured Entity and only to the extent of the limits of insurance required by such contract or agreement, not to exceed the limits of insurance of this policy. However, coverage under this provision does not apply:
>
>> i. unless the written contract or agreement has been executed, or the permit has been issued, prior to the bodily injury, property damage or offense. The contract or agreement will be considered executed when the Insured's performance begins, or when it is signed, whichever happens first; or
>>
>> ii. to any person or organization:
>>
>>> (a) for bodily injury, property damage, or personal and advertising injury arising out of its own acts or omissions; or
>>>
>>> (b) included as an Insured by an endorsement issued by the Insurer and made a part of this policy.

*Id*. at 3.

Plaintiff states that the PSA was in effect until October 2021.  Comp. at ¶ 10.

As a result, between 2021 and 2023, Bernalillo County and Centurion were named as defendants in four separate suits: (1) *Eugenio S. Mathis, Personal Representative for the Estate of Samuel Bryant v. MHM Health Professionals, LLC, et al.*, State of New Mexico, County of Bernalillo, Second Judicial District Court, No. D-202-CV-2021-04747; (2) *Dennis Murphy, PR to the Estate of Nickolas James Garcia, deceased, et al., v. Board of County Commissioners of the*

*County of Bernalillo, et al.*, State of New Mexico, County of Bernalillo, Second Judicial District, Case No. D-202-CV-2022-05405; (3) *Dennis Murphy, Personal Representative to the Estate of Joleen Bylilly Nez, et al., v. Board of County Commissioners of the County of Bernalillo, et al.*, State of New Mexico, County of Bernalillo, Second Judicial District Court, Case No. D-202-CV-2022-05342; and (4) *Eugenio S. Mathis, Personal Representative for the Estate of Nicholas McCoy, et al., v. Board of County Commissioners of Bernalillo County, et al.*, State of New Mexico, County of Bernalillo, Second Judicial District Court, Case No. D-202-CV-2023-02616. . Comp. at ¶¶ 15-47.

On November 3, 2023, Plaintiff sued Defendants, seeking declaratory judgment that Centurion and Columbia Casualty are obligated to insure, defend, and indemnify Bernalillo County in the *Bryant*, *Garcia*, *Nez*, and *McCoy* actions.  Comp. at ¶¶ 49-51.  Plaintiff contends that Centurion and Columbia Casualty have breached their contractual obligations to Bernalillo County through their failure to defend and indemnify in the *Bryant*, *Garcia*, *Nez*, and *McCoy* actions, and failing to investigate Bernalillo County's claims for defense and indemnification or coverage. *Id.* at ¶ 53.  Plaintiff alleges bad faith failure to defend, arguing that Defendants breached their duties of good faith and fair dealing through their failure to defend or indemnify in the underlying state actions, which have harmed and prejudiced Plaintiff. *Id.* at ¶¶ 56-63.  Lastly, in Count IV, Plaintiff alleges violations of the Trade Practices and Frauds Act against Defendant Columbia Casualty. *Id.* at p. 9.  Specifically, Plaintiff states that Defendant Columbia Casualty's acts and omissions constitute unfair claims practices and violate New Mexico law, through its (1) failure to adopt and implement reasonable standards for prompt investigation and processing of Plaintiff's rights to a defense and/or indemnity in the previously discussed actions; (2) not attempting in good faith to effectuate fair, prompt, and equitable settlements of potential liability

in *Bryant* and *Nez*; and (3) failing to promptly provide Bernalillo County with a reasonable explanation of the basis relied on for a denial of a claim or for the offer of a compromise settlement. *Id*. at ¶ 65.

Following the filing of this suit, Defendants removed this case to this Court on December 14, 2023. Doc. 1 at 1-6.

## LEGAL STANDARDS

Rule 12(b)(1) empowers a court to dismiss a complaint for lack of jurisdiction over the subject matter. Fed. R. Civ. P. 12(b)(1). Standing and ripeness challenges, "like other challenges to a court's subject matter jurisdiction, [are] treated as a motion to dismiss under Rule 12(b)(1)." *Kuzava v. United Fire & Cas. Co.*, No. 17-CV-02673 CMA/NYW, 2018 WL 3633558, *2 (D. Colo. July 31, 2018) (citing *New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1498-99 (10th Cir. 1995)); *see also Keyes v. School Dist. No. 1, Denver Colo.*, 119 F.3d 1437, 1445 (10th Cir. 1997) ("The impediments to ripeness are equally impediments to standing."). When making a Rule 12(b)(1) motion, a party may go beyond the allegations in the complaint to challenge the facts upon which jurisdiction depends by relying on affidavits or other evidence properly before the court. *See New Mexicans for Bill Richardson*, 64 F.3d at 1499; *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).

In satisfying the Article III justiciability requirements, a plaintiff must have standing, have claims that are not moot, and those claims must be ripe. To have standing, a plaintiff must show "(i) that he or she has suffered an injury in fact—an invasion of a legally protected interest that is concrete and particularized, and actual or imminent, not conjectural or hypothetical; (ii) that there is a fairly traceable causal connection between the injury and the defendant's conduct complained of; and (iii) that it is likely that a favorable decision will redress the injury." *Nieto v. Univ. of*

*N.M.*, 727 F. Supp. 2d 1176 (D.N.M. 2010) citing, *D.L.S. v. Utah*, 374 F.3d 971, 974 (10th Cir.2004); *Morgan v. McCotter*, 365 F.3d 882, 887–88 (10th Cir.2004).

"Ripeness doctrine addresses a timing question: when in time is it appropriate for a court to take up the asserted claim." *ACORN v. City of Tulsa, Okl.*, 835 F.2d 735, 738 (10th Cir. 1987) (emphases original). "The ripeness doctrine aims to prevent courts from entangling themselves in abstract disagreements by avoiding premature adjudication." *Awad v. Ziriax*, 670 F.3d 1111, 1124 (10th Cir. 2012) (quotations omitted); *Abbott Laboratories*, 387 U.S. at 148–49, 87 S.Ct. 1507. "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (quotations omitted).  Ripeness has roots "both in the jurisdictional requirement that Article III courts hear only 'cases and controversies' and in prudential considerations limiting our jurisdiction." *Alto Eldorado P'ship v. Cty. of Santa Fe*, 634 F.3d 1170, 1173 (10th Cir. 2011).  In making a ripeness determination, courts evaluate "[1] the fitness of the issue for judicial resolution and [2] the hardship to the parties of withholding judicial consideration."  *Gonzales*, 64 F.3d at 1499 citing, *Sierra Club v. Yeutter*, 911 F.2d 1405, 1415 (10th Cir.1990); *Qwest Commc'ns Int'l, Inc. v. F.C.C.*, 240 F.3d 886, 894 (10th Cir. 2001) citing, *Ohio Forestry Ass'n, Inc. v. Sierra Club*, 523 U.S. 726, 732–33, 118 S.Ct. 1665, 140 L.Ed.2d 921 (1998); *Northwest Pipeline Corp. v. F.E.R.C.*, 986 F.2d 1330, 1333–34 (10th Cir.1993).  When determining fitness, the central focus is whether "the case involves uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all."  *Id*. citing, 13A Wright, Miller & Cooper, Federal Practice & Procedure, § 3532 at 112.

Rule 12(b)(6) permits the Court to dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss under Fed.

R. Civ. P. 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Conclusory allegations of liability, without supporting factual content, are insufficient. "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). All well-pleaded factual allegations are "viewed in the light most favorable to the nonmoving party." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014).

In ruling on a motion to dismiss, "a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). The Court must draw all reasonable inferences in Plaintiff's favor. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). However, mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555.

## DISCUSSION

### I.    Counts I and II are Dismissed in Part Under Rule 12(b)(1) Without Prejudice

Defendants first argue that Plaintiff's indemnity claims are not ripe and will not be until either the underlying actions are adjudicated or until Bernalillo County incurs a payment to settle indemnified claims. Doc. 17 at 8. Accordingly, Plaintiff's claims in Counts I and II as they relate to indemnification are unripe and must be dismissed under Fed. R. Civ. P. 12(b)(1). *Id.* This Court agrees with Defendants that Plaintiff's claims in Counts I and II as they relate to indemnification

and the underlying pending state court cases are unripe and must be dismissed under Rule 12(b)(1).[1]

Under the New Mexico Declaratory Judgment Act, NMSA § 44-6-1 *et seq*., the Act grants courts the "power to declare rights, status and other legal relations whether or not further relief is or could be claimed." *See* NMSA § 44-6-2. Because this case was removed to federal court on the basis of diversity jurisdiction, the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, "will control the procedure governing Plaintiff's claim for declaratory judgment." *See Miller v. Cincinnati Ins. Co.*, 323 F. Supp. 3d 1253, 1256 (D.N.M. 2018) (noting that the Federal Declaratory Judgment Act "does not create substantive rights for parties…[but] merely provides another procedure whereby parties may obtain judicial relief"). Under the Act, "[i]n a case of actual controversy within its jurisdiction…any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party." 28 U.S.C. § 2201(a). The question in each case is whether the facts alleged show that "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)); *see also Golden v. Zwickler*, 394 U.S. 103, 109 (1969).

Generally, a two-part test applies to determine whether a claim is ripe for adjudication. *Kansas Judicial Review Bd. v. Stout*, 519 F.3d 1107, 1116 (10th Cir.2008). Courts evaluate "the

---

[1] (1) *Eugenio S. Mathis, Personal Representative for the Estate of Samuel Bryant v. MHM Health Professionals, LLC, et al.*, State of New Mexico, County of Bernalillo, Second Judicial District Court, No. D-202-CV-2021-04747; (2) *Eugenio S. Mathis, Personal Representative for the Estate of Nicholas McCoy, et al., v. Board of County Commissioners of Bernalillo County, et al.*, State of New Mexico, County of Bernalillo, Second Judicial District Court, Case No. D-202-CV-2023-02616.

fitness of the issue for judicial resolution and the hardship to the parties of withholding judicial consideration." *Id*.

This Court finds because Plaintiff has not alleged final judgments have been entered against it or that settlements have been executed so as Plaintiff has incurred a payment obligation, Plaintiff's indemnity claims in Counts I and II as they pertain to the pending state court actions are unripe. Therefore, this Court lacks subject matter jurisdiction and must dismiss Counts I and II in part pursuant to Fed. R. Civ. P. 12(b)(1). *Castaneda v. I.N.S.*, 23 F.3d 1576, 1580 (10th Cir. 1994).

Under New Mexico law, "an insurer's duty to defend is independent of its duty to insure. It is determined not by the actual underlying facts of the transaction, as the coverage issue is, but by the allegations of the injured party's complaint." *Proassurance Specialty Ins. Co., Inc. v. Familyworks, Inc.*, 599 F. Supp. 3d 1082, 1092-93 (D.N.M. 2022) citing, *State Farm Fire & Casualty Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994), *Found. Res. Ins. Co. v. Mullenix*, 97 N.M. 618, 642 P.2d 604, 606 (1982). However, "[t]he duty to indemnify, on the other hand, is "determined…by the actual underlying facts of the transaction;" mere allegations will not suffice." *Id*. Accordingly, an insurer's duty to indemnify "is not ripe for adjudication until the insured's liability has been established in the underlying action." *Id*. citing, *United Nat'l Ins. Co. v. Dunbar & Sullivan Dredging Co.*, 953 F.2d 334, 338 (7th Cir. 1992); *Mount Vernon Fire Ins. Co. v. Okmulgee Inn Venture, LLC*, 451 F. App''x 745, 749 (10th Cir. 2011). A declaratory judgment that the Plaintiff asks for would be premature because the duty to indemnify must be determined based on the facts as determined in the litigation. *Valley Imp. Ass'n, Inc. v. U.S. Fid. & Guar. Corp.*, 129 F.3d 1108, 1126 (10th Cir. 1997). Deciding the issue of indemnity in coverage litigation, especially while the underlying state cases have not concluded, "ignores the possibility, even though it may be highly improbable, that a claim may ultimately be established…within the

coverage of the policy." *Id*. citing, *Culp v. Northwestern Pacific Indemnity Co.*, 365 F.2d 474, 478 (10th Cir.1966); *Harbin v. Assurance Co. of Am.*, 308 F.2d 748, 750 (10th Cir. 1962).

Plaintiff's Complaint squarely places indemnification at issue. Two of the underlying state court actions, whose outcomes are critical to the issues of liability and indemnification, are still pending.[2] "[A] controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts*." Columbian Fin. Corp. v. BancInsure, Inc.*, 650 F.3d 1372, 1376 (10th Cir. 2011) citing, *Pub. Serv. Comm'n v. Wycoff Co., Inc.*, 344 U.S. 237, 242, 73 S.Ct. 236, 240-41 97 L.Ed. 291 (1952) citing*, Aetna Life Insurance Co. v. Haworth*, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617 (1937). Because the underlying facts of these cases cannot be established until a final adjudication, this Court finds Plaintiff's claims seeking a declaratory judgment and a breach of contract claim related to the pending state cases are not fit for judicial resolution at this juncture. *Gonzales*, 64 F.3d at 1499. Plaintiff's Complaint does not allege that Bernalillo County has been found liable in each of these cases, reached a final settlement, or claim what these hypothetical settlements amount to. Nor does this Court find that the parties would suffer hardship by this Court withholding judicial consideration. *Id*. Dismissal under Rule 12(b)(1) is ordinarily without prejudice and therefore, when a final judgment is reached in the underlying cases, suit could be brought again at a later date. Accordingly, this Court finds the issues related to indemnification in Counts I and II in the pending state cases involve uncertain

---

[2] (1) *Eugenio S. Mathis, Personal Representative for the Estate of Samuel Bryant v. MHM Health Professionals, LLC, et al.*, State of New Mexico, County of Bernalillo, Second Judicial District Court, No. D-202-CV-2021-04747; (2) *Eugenio S. Mathis, Personal Representative for the Estate of Nicholas McCoy, et al., v. Board of County Commissioners of Bernalillo County, et al.*, State of New Mexico, County of Bernalillo, Second Judicial District Court, Case No. D-202-CV-2023-02616.

and contingent events that may or may not occur, and therefore, are constitutionally and prudentially unripe. *United States v. Bennett*, 823 F.3d 1316, 1326 (10th Cir. 2016) (quoting *Texas v. United States*, 523 U.S. 296, 300, 118 S.Ct. 1257, 140 L.Ed.2d 406 (1998).

Plaintiff correctly asserts that under New Mexico law, an insured's right to be defended by its insurer is well established. Doc. 31 at 14-15 citing, *Dove v. State Farm Fire and Cas. Co.*, 2017-NMCA-051, ¶ 16, 399 P.3d 400; *Servants of Paraclete, Inc. v. Great Am. Ins. Co.*, 857 F. Supp. 822, 830 (D.N.M. 1994). Plaintiff then asserts that both Centurion and Columbia Casualty unilaterally denied a defense without seeking a judicial determination of liability, and therefore, waived its coverage defenses and became liable for any settlement or judgment entered into in good faith. *Id.* citing, *Valley Improvement Assoc., Inc.*, 129 F.3d at 1125; *Price*, 1984-NMCA-036, ¶ 33. However, *Valley Improvement* and *Ruiz* "stand for the proposition that an insurer who has wrongfully refused to defend, where such wrongful refusal to defend was determined by a court, cannot assert policy defenses to avoid its duty of indemnification for an insured's settlement of an underlying action." *Union Standard Ins. Co. v. Hobbs Rental Corp.*, No. 03-CV-0727 JCH/RHS, 2006 WL 8440584 *17 (D.N.M. Oct. 12, 2006) citing, *Ruiz*, 36 F. Supp. 2d at 1317-18; *Valley Improvement*, 129 F.3d at 1126. Neither case "stand[s] for the proposition that an insurer who refuses to defend absolutely waives its right to assert policy defenses…[r]ather *Ruiz* or *Valley Improvement* stand for the proposition that if there has been a judicial determination that an insurer wrongfully has refused to provide a defense, the insurer cannot raise coverage defenses with respect to its duty to indemnify an insured for its settlement of the underlying case while represented." *Id.* Here, as in *Union Standard Insurance Company*, there has not been a judicial determination that Defendants breached their duty to defend. Accordingly, this Court rejects Plaintiff's arguments.

Therefore, as it relates to indemnification, Counts I and II of Plaintiff's Complaint related to the underlying pending state cases ((1) *Eugenio S. Mathis, Personal Representative for the Estate of Samuel Bryant v. MHM Health Professionals, LLC, et al.*, State of New Mexico, County of Bernalillo, Second Judicial District Court, No. D-202-CV-2021-04747; (2) *Eugenio S. Mathis, Personal Representative for the Estate of Nicholas McCoy, et al., v. Board of County Commissioners of Bernalillo County, et al.*, State of New Mexico, County of Bernalillo, Second Judicial District Court, Case No. D-202-CV-2023-02616) must be dismissed in part without prejudice pursuant to Rule 12(b)(1).[3]

## II.  Alternatively, this Court Declines to Exercise Jurisdiction under *State Farm Fire & Cas. Co. v. Mhoon*

In the alternative, as it relates to indemnification, this Court declines to exercise jurisdiction over Counts I and II of Plaintiff's Complaint related to the pending state cases.  *See Mhoon*, 31 F.3d 979.

The Declaratory Judgment Act vests federal courts with power and competence to issue a declaration of rights.  28 U.S.C. § 2201.  The Declaratory Judgment Act provides in relevant part that:

> In a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a).

The question of whether this power should be exercised in a particular case is vested in the sound discretion of the district courts.  *St. Paul Fire and Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1168 (10th Cir. 1995).  It is common for an insurer to seek declaratory judgment "against their insureds to determine the extent of coverage. Frequently such suits are filed as stand-alone actions

---

[3] The Court also declines to issue an advisory opinion regarding indemnification.

rather than cross-claims." *Gallegos v. Nevada Gen. Ins. Co.*, 248 P.3d 912, 914 (N.M. Ct. App. 2011).

The discretionary standard under *Brillhart v. Excess Ins. Co.,* 316 U.S. 491 (1942) governs a district court's decision to stay a declaratory judgment during the pendency of parallel state court proceedings. *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995). District courts are "under no compulsion to exercise . . . jurisdiction" under the Declaratory Judgment Act, as "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart v. Excess Ins. Co.,* 316 U.S. 491, 494 (1942). This Court must consider whether the questions in controversy between the parties to this federal lawsuit "can better be settled in the proceeding pending in the state court." *Id.*; *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 283 (1995); *United States v. City of Las Cruces*, 289 F.3d 1170, 1181 (10th Cir. 2002) (*Brillhart* standard applies when determining whether to abstain from action for declaratory relief).

In deciding whether to hear a declaratory judgment action, a district court may consider various factors, including:

> (1) whether a declaratory action would settle the controversy;
> (2) whether it would serve a useful purpose in clarifying the legal relations at issue;
> (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata";
> (4) whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and
> (5) whether there is an alternative remedy which is better or more effective.

(the "*Mhoon* factors"); *St. Paul Fire and Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1169 (10th Cir. 1995) (citing *State Farm Fire & Casualty Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir.1994)). No one factor is dispositive. *United States v. City of Las Cruces*, 289 F.3d 1170, 1183 (10th Cir. 2002).

The first two factors are (1) whether a declaratory action would settle the controversy; and (2) whether it would serve a useful purpose in clarifying the legal relations at issue.  Here, the Court concludes that these factors weigh against exercising jurisdiction.  Because the two pending state cases have not reached final judgments, a declaratory judgment action would not settle the disputes between the parties.  Nor would a declaratory action serve a useful purpose of clarifying the disputes.  In its Reply, Defendants stated "numerous disputes will remain as to what portions of specific liability awards are subject to indemnity.  Moreover, since indemnity inquiries are by their very nature fact dependent, a declaratory judgment would not meaningfully serve to clarify all the issues."  Doc. 33 at 5.  This Court agrees that until final judgments are reached, there are relevant factual issues that must be resolved through pending state court proceedings.

"[T]he likelihood a declaratory judgment will resolve the immediate dispute between the parties may tip the scales in favor of exercising jurisdiction[,] ... [while] the existence of outstanding claims in a parallel state court action may counsel a different conclusion." *Mid-Continent Cas. Co. v. Vill. at Deer Creek Homeowners Ass'n, Inc.*, 685 F.3d 977, 982 n.3 (10th Cir. 2012).  "A federal court generally should not entertain a declaratory judgment action over which it has jurisdiction if the same fact-dependent issues are likely to be decided in another pending proceeding." *ARW Expl. Corp. v. Aguirre*, 947 F.2d 450, 454 (10th Cir. 1991) (internal quotation marks and citations omitted).  "However, jurisdiction should not be refused merely because another remedy is available. Rather, the court must decide whether the controversy can better be settled in a pending action, i.e., whether there is such a plain, adequate and speedy remedy afforded in the pending state court action, that a declaratory judgment action will serve no useful purpose. Relevant considerations include the scope of the pending action, the nature of the available defenses in the action, whether all parties' claims can satisfactorily be adjudicated in that

proceeding, and whether necessary parties have been joined." *Id.* (quotation marks and citations omitted).

A declaratory judgment action in this case would not settle the factual and legal disputes between the parties.  Moreover, the pending, parallel state court actions could be resolved in state court.  If this Court dismissed issues related to indemnification of the pending state cases, Plaintiff would be able to resolve its legal issues and pursue another avenue for relief in state court. Defendants have identified factual issues in state court proceedings which bear on the legal and factual issues in this case.  *See Kunkel v. Cont'l Cas. Co.,* 866 F.2d 1269, 1276 (10th Cir. 1989) ("a district court 'should not entertain a declaratory judgment action over which it has jurisdiction if the fact-dependent issues are likely to be decided in another pending proceeding' ").  This Court concludes there are parallel, pending state court actions which could resolve the indemnification issues in this case.

Therefore, this Court concludes that (1) these declaratory actions would not settle the controversies at issue and (2) would not serve a useful purpose in clarifying the legal relations at issue.  Factors 1 and 2 weigh against exercising jurisdiction.

The third *Mhoon* factor is whether the declaratory remedy sought is being used for the purpose of "procedural fencing" or to "provide an arena for a race to *res judicata*."  Defendants do not allege nor does this Court find that Plaintiff has engaged in procedural fencing.  Moreover, neither party has argued that this case would result in a "race to *res judicata*."  Therefore, this Court concludes that Plaintiff is not engaging in procedural fencing or attempting to race to *res judicata*, and this factor weighs in favor of exercising jurisdiction.

The final factors in the analysis consider whether use of a declaratory action would increase friction between federal and state courts and improperly encroach upon state jurisdiction; and whether there is an alternative remedy which is better or more effective.

The fourth *Mhoon* factor weighs against exercising jurisdiction. "This question involves a consideration of whether the matters being heard in the state court action are essential to a determination of the collateral federal action, or whether the issue being raised in the federal declaratory action involves no matter—factual or legal—at issue in the state case." *Spirit Com. Auto Risk Retention Grp. v. GNB Trucking, Inc.*, No. 1:17-CV-00842 WJ/SCY, 2017 WL 5468670, at *2 (D.N.M. Nov. 14, 2017). Defendants have argued that the pending state cases overlap significantly with legal and factual issues before this Court. Doc. 33 at 5; *see United Specialty Ins. Co. v. Conner Roofing & Guttering, LLC*, No. 11-CV-0329-CVE-TLW, 2012 WL 208104, at *5 (N.D. Okla. Jan. 24, 2012) (finding that the *Mhoon* factors did not support declining jurisdiction because "[the] case [did] not present any substantial factual or legal issue ... litigated in the state court lawsuit."); *W. Am. Ins. Co. v. Atyani*, 338 F. Supp. 3d 1227, 1234 (D.N.M. 2018) (finding no unnecessary friction between state and federal courts when the district court suit addressed "interpretation ... in the liability policies" and the related state court suit addressed a violation of a city ordinance.); *Nationwide Mutual Insurance Company v. C.R. Gurule, Inc.*, 148 F. Supp. 3d 1206, 1229 (D.N.M. 2015) (Browning, J.) (friction may exist with state courts where the same issues and parties are pending before the state court). This Court agrees and finds that exercising jurisdiction over the underlying, pending state cases would increase friction with state courts.

Finally, there are better and more effective remedies available to the parties. As this Court discussed in Section I, dismissal without prejudice was appropriate under Fed. R. Civ. P. 12(b)(1). Plaintiff is free to bring its claims again at a later date once the pending state cases have reached a

16

final judgment.  Alternatively, Plaintiff can bring its indemnification claims against Defendants in the pending underlying state actions instead of before this Court.  *See City of Albuquerque v. BPLW Architects & Engineers, Inc.*, 2009-NMCA-081, 146 N.M. 717, 213 P.3d 1146.  Therefore, there appear to be more effective remedies, including in pending state cases.

Accordingly, this Court concludes that the declaratory actions would increase friction between federal and state courts and improperly encroach upon state jurisdiction.  Furthermore, there appear to be more effective remedies available to Plaintiff.  The fourth and fifth *Mhoon* factors weigh against exercising jurisdiction.

Together, in the alternative, the *Mhoon* factors weigh against exercising jurisdiction over Plaintiff's claims in Counts I and II related to the pending underlying state cases.  *See Mhoon*, 31 F.3d 979.  Therefore, this Court declines to exercise jurisdiction.

### III.    Plaintiff's Claims in Counts I and II as they relate to Indemnification and the *Nez* and *Garcia* Actions Are Dismissed as Moot

Defendants argue that even if Plaintiff's indemnification claims in Counts I and II were ripe, claims pertaining to the underlying *Nez* and *Garcia* actions are moot by virtue of the settlements and dismissals with prejudice entered in those actions.[4]  Doc. 17 at 13.  Plaintiff disputes this, arguing (1) the release of all claims against Bernalillo County arising from the PSA do not fully protect Bernalillo County because both actions seek to impose joint and several liability; (2) whether an indemnitor or insurer has a duty to defend is judged by the allegations of the complaint and not by later events – Centurion's settlements do not erase the consequences of its breach of the duty to defend; and (3) the scope of the releases is not determinative.  Doc. 31 at

---

[4] (1) *Dennis Murphy, PR to the Estate of Nickolas James Garcia, deceased, et al., v. Board of County Commissioners of the County of Bernalillo, et al.*, State of New Mexico, County of Bernalillo, Second Judicial District, Case No. D-202-CV-2022-05405; (2) *Dennis Murphy, Personal Representative to the Estate of Joleen Bylilly Nez, et al., v. Board of County Commissioners of the County of Bernalillo, et al.*, State of New Mexico, County of Bernalillo, Second Judicial District Court, Case No. D-202-CV-2022-05342.

21.  This Court agrees with Defendants and finds that Plaintiff's claims in Counts I and II as they relate to indemnification in the *Nez* and *Garcia* actions must be dismissed because they are moot.

According to the PSA the parties agreed, "[Centurion] shall not in any event be required to indemnify, defend, or hold harmless, the County with respect to any injury or damage arising out of or resulting from, in whole or in part, any act, conduct, misconduct or omission of the County, its agents, employees or officers."  Doc. 17, Ex. A at 10.

On January 16, 2024, with regard to the *Garcia* case, the parties agreed that "all claims…that could have been, brought against Centurion, and all claims, filed or unfiled, against Board of County Commissioners of the County of Bernalillo, Bernalillo County Metropolitan Detention Center covered under Section XII (A) of the Professional Services Agreement for Medical, Dental, Mental Health and Psychiatric Services dated October 9, 2018 between Bernalillo County and Centurion Detention Health Services, LLC, arising out the death of Nickolas James Garcia on October 4, 2020" were dismissed with prejudice."  Doc. 17, Ex. D.

Similarly, on June 5, 2023, per the 2nd Judicial District Court's Dismissal Order, all claims that were brought or could have been brought by Plaintiff Nez against Defendant Centurion Detention Health Services, LLC and the Board of County Commissioners of the County of Bernalillo based on the PSA, "for which the County is contractually entitled to indemnification" were dismissed with prejudice.  Ex. C.

Regarding Plaintiff's first argument as to why its claims are not moot, this Court rejects the argument that the release of all claims does not fully protect Bernalillo County because both actions seek to impose joint and several liability.  Doc. 31 at 21.  New Mexico has abolished joint and several liability in favor of pure comparative fault on the part of tortfeasors, except in certain limited situations, such as those involving inherently dangerous activity.  *In re Otero Cnty. Hosp.*

*Ass'n, Inc.*, 527 B.R. 719, 776-77 (Bankr. D.N.M. 2015), on reconsideration in part, 584 B.R. 746

(Bankr. D.N.M. 2018) citing, N.M.S.A. 1978 § 41–3A–1 (Repl.Pamp.1996);49 *Scott v. Rizzo*, 96

N.M. 682, 689–690, 634 P.2d 1234, 1241–1242 (1981), overruled on other grounds by *Herrera*,

73 P.3d 181 (adopting rule of comparative negligence); *Bartlett v. New Mexico Welding Supply,*

*Inc.*, 98 N.M. 152, 646 P.2d 579 (Ct.App.1982).  Accordingly, this Court rejects Plaintiff's first

argument that it will be unprotected from joint liability because of the possibility of joint and

several liability.

Plaintiff next asserts that its claims in Counts I and II are not moot because whether an

indemnitor or insurer has a duty to defend is judged by the allegations of the complaint, not later

events.  Doc. 31 at 21 citing, *BPLW Architects & Engineers, Inc.*, 2009-NMCA-081 ¶10.  This

Court disagrees.  From the plain meaning of the PSA, this Court finds that Centurion agreed to a

limited indemnity provision that applied to claims only arising out of services provided by

Centurion, thereby specifically excluding a duty to defend or indemnify claims that arose out of

Bernalillo County's acts.  Even if Defendants could be found liable to Plaintiff for indemnification

through the PSA provision at issue, this Court finds that both the *Nez* and *Garcia* actions have

reached a final adjudication through settlement – a dismissal with prejudice that precludes all

claims brought or that could have been brought against Defendants arising from the deaths of

Nickolas James Garcia and Joleen Bylilly Nez.  Doc. 17, Exs. C and D.

Therefore, Counts I and II as they relate to indemnification and the *Nez* and *Garcia* actions

must be dismissed as moot under the express terms of the PSA and the stipulated orders dismissing

the respective claims with prejudice.  Doc. 17, Exs. C and D.

### IV.    Defendants' Request to Dismiss Counts III and IV is Denied.  Plaintiff is Granted Leave to Amend the Complaint.

Defendants next assert that Plaintiff's claims for bad faith failure to defend and violation of the Trade Practices and Frauds Act must be dismissed under Rule 12(b)(6) for failure to state a claim. Doc. 17 at 14. "[T]o withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of facts, taken as true, 'to state a claim to relief that is plausible on its face.'" *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "[D]ismissal is appropriate where 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.' " *Al–Owhali v. Holder*, 687 F.3d 1236, 1240 (10th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 679). "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Twombly*, 550 U.S. at 555).

Under New Mexico Law, "all insurance contracts include an implied covenant of good faith and fair dealing that the insurer will not injure its policyholder's right to receive the full benefits of the contract." *Sherrill v. Farmers Ins. Exch.*, 374 P.3d 723, 732 (N.M. Ct. App. 2016). New Mexico recognizes claims for insurance bad faith within the context of failure to defend, settle third-party claims, and timely paid claims. *Am. Nat'l Prop. & Cas. Co. v. Rosenschein*, No. 19-CV-0599-NDF-KHR, 2020 WL 3448276 * 2 (D.N.M. Jan. 16, 2020) citing, *Sloan v. State Farm Mut. Auto. Ins. Co.*, 85 P.3d 230, 232 (N.M. 2004); NMRA, Civ. UJI 13-1703. "The key principle underlying the covenant of good faith in an insurance contract is that the insurer treat the interests of the insured equally to its own interests." *Sherrill*, 374 P.3d at 732. "In New Mexico law, the duty to defend is based on whether the underlying complaint alleges facts within the Policy's coverage, not whether those allegations have been proved true." *Am. Nat'l Prop. & Cas. Co. v. Rosenschein*, No. 19-CV-0599-NDF-KHR, 2020 WL 3448276 *3 (D.N.M. Jan. 16, 2020) citing, *Lopez v. New Mex. Pub. Sch. Ins. Auth.*, 870 P.2d 745, 747–48 (N.M. 1994). "[I]f a

complaint states facts within a policy's coverage, an insurer has a duty to defend even if its own investigation reveals that the claim sued upon is not in fact covered." *State Farm Fire & Cas. Co. v. Ruiz*, 36 F. Supp. 2d 1308, 1312 (D.N.M. 1999) (quoting *Servants of Paraclete, Inc. v. Great Am. Ins. Co.*, 857 F. Supp. 822, 832 (D.N.M. 1994); *Foundation Reserve Ins. Co. v. Mullenix*, 642 P.2d 604, 606 (N.M. 1982)). "The duty to defend is 'determined not by the actual underlying facts of the transaction, as the coverage issue is, but by the allegations of the injured party's complaint.' " *Ruiz*, 36 F. Supp. 2d at 1312 (quoting *State Farm Fire & Cos. Co. v. Mhoon*, 31 F.3d 979, 985 (10th Cir. 1994)).

Plaintiff first argues under Count III that Defendants breached their duties of good faith and fair dealing through a failure to defend and/or indemnify Bernalillo County in the underlying *Bryant, Garcia, Nez,* and *McCoy* actions.   Comp. at ¶ 59.   Through their failure to defend, Bernalillo County is entitled to compensatory and consequential damages, including the fees, costs, and other expenses incurred.  Comp. at ¶ 61.  Furthermore, through this failure, Defendants are also liable for any judgment or settlement against Bernalillo County.  *Id*. at ¶ 62.

Under Count IV, Plaintiff alleges Columbia Casualty's acts and omissions constitute unfair claims practices and violate New Mexico law, including the New Mexico Trade Practices and Frauds Act, NMSA 1978 §§ 59A-16-1 through -30.  Comp. at ¶ 65.  Specifically, Plaintiff states Defendant Columbia Casualty (1) "fail[ed] to adopt and implement reasonable standards for prompt investigation and processing of Bernalillo County's rights to a defense and/or indemnity in the *Bryant, Garcia, Nez,* and *McCoy* actions; 2) not attempting in good faith to effectuate prompt, fair and equitable settlements of Bernalillo County's potential liability in the *Bryant* and *Nez*; and 3) failing to promptly provide Bernalillo County with a reasonable explanation of the

basis relied by Columbia Casualty in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement." *Id*.

Defendants assert Plaintiff offers conclusory allegations alleging a failure to investigate the claims and defend Bernalillo County. Doc. 17 at 15. The Complaint is devoid of facts supporting the County's assertion that Defendants failed to conduct an investigation of the claim that was timely and reasonable. *Id*. at 15-16. Defendants state that Plaintiff failed to specify which section(s) of the Trade Practices and Frauds Act for its Count IV claim. *Id*. at 16-17.

Plaintiff asserts its claims of bad faith throughout the Complaint satisfy the pleading requirements under Rule 12(b)(6) as to Count III. Doc. 31 at 22-23 citing, Comp. at ¶¶ 16-18, 24-26, 33-35, 42-44. Furthermore, as to Count IV, Plaintiff states that its claims fall under three separate sections of the Unfair Insurance Practices Act, specifically § 59A-16-20(C) and (E). Doc. 31 at 23. Plaintiff then argues that Columbia Casualty did not protect Bernalillo County in the *Bryant, Garcia, Nez*, and *McCoy* actions even though it had an independent obligation to do so. *Id*. at 23-24.3

This Court finds that Plaintiff's Complaint as to Counts III and IV do not satisfy the pleading standards under Rule 12(b)(6). Plaintiff claims that Defendants engaged in a bad faith failure to defend and violated the Trade Practices and Frauds Act. Comp. at 8-9. However, aside from conclusory statements, in its Complaint, Plaintiff does not sufficiently cite facts supporting its claims in Counts III and IV. Nor does Plaintiff adequately cite specific sections of the Unfair Insurance Practices Act in Count IV.

Under Fed.R.Civ.P. 15(a), a party may amend its pleading "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). "[T]he grant of leave to amend the pleadings pursuant to Rule 15(a) is

within the discretion of the trial court." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) citing, *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971).   The purpose of Rule 15(a) is to provide litigants with "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties."  *Id.* citing, *Hardin v. Manitowoc–Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir.1982).   A plaintiff seeking to amend a complaint "must give adequate notice to the district court and to the opposing party of the basis of the proposed amendment before the court is required to recognize that a motion for leave to amend is before it."  *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186-87 (10th Cir. 1999).  "Without this information the district court is not required to recognize, let alone grant, a motion to amend." *Hall v. Witteman*, 584 F.3d 859, 868 (10th Cir. 2009).

Here, Plaintiff argues that if there are doubts about the sufficiency of its allegations under Rule 12(b)(6), it should be offered the opportunity to amend its Complaint.  Doc. 31 at 24.  This Court agrees.[5]  Accordingly, this Court denies Defendant's motion to dismiss under Rule 12(b)(6) as it relates to Counts III and IV.  This Court grants Plaintiff's Motion to Amend.  Plaintiff is instructed to file an Amended Complaint within 30 days from the entry of this order.

## CONCLUSION

For the reasons stated above, the Court grants in part Defendants' Motion to Dismiss as to Counts I and II.

---

[5] Defendants briefly argue that amendment of Plaintiff's Complaint would be futile.  Doc. 33 at 10.  Defendants do not expound on their futility argument beyond footnote six and has not met its burden.  *Gutierrez v. Johnson & Johnson Int'l, Inc.*, 601 F. Supp. 3d 1007, 1018 (D.N.M. 2022) citing, *Martin Marietta Materials, Inc. v. Kansas Dep't of Transp.*, 953 F. Supp. 2d 1176, 1181 (D. Kan. 2013), aff'd, 810 F.3d 1161 (10th Cir. 2016).  Nor does this Court find that denial of a motion to amend on the basis of repeated failure to cure deficiencies by previous amendments, undue prejudice, or futility of amendment, is warranted.  *Triplett v. LeFlore Cnty., Okl.*, 712 F.2d 444, 446 (10th Cir. 1983) citing, *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222, 230 (1962).  Upon the filing of an amended complaint, Defendants will have an opportunity to challenge Plaintiff's complaint through a motion to dismiss.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 17) is hereby **GRANTED IN PART** as described above.

**IT IS FINALLY ORDERED** that Plaintiff file an Amended Complaint with this Court within thirty (30) days of the entry of this order.

_____/S/_____

KEA W. RIGGS

UNITED STATES DISTRICT JUDGE
